UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ROMERO,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>    Respondent. | Case No. 21-cv-07396-YGR (PR)<br><br>**ORDER DENYING MOTION TO AMEND PETITION AND MOTION FOR STAY AND ABEYANCE WITHOUT PREJUDICE TO REFILING; AND DIRECTING PETITIONER THAT HE MAY REFILE HIS MOTION TO AMEND PETITION WITH CERTAIN CLARIFICATIONS BY OCTOBER 13, 2023** |

## I. INTRODUCTION

Petitioner, a state prisoner incarcerated at Mule Creek State Prison and proceeding *pro se*, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he raised a single claim of insufficient evidence to support his carjacking conviction. Dkt. 1. Thereafter, the Court issued an Order to Show Cause. Dkt. 11. Respondent then filed an answer. Dkt. 16.

On August 29, 2022, in lieu of filing a traverse, petitioner filed a motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), in order for him to return to state court and exhaust two new claims based on recent statutory changes to state sentencing law. Dkt. 20. He states that these claims "have come to the attention of petitioner recently after being provided records and transcripts of [his] state matter." *Id.* at 1. Respondent has opposed the motion to stay and argues that the stay procedure does not apply in this case, as the petition is fully exhausted. Dkt. 21 at 2.[1] Rather, respondent argues that the stay procedure pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) applies instead. *Id.* However, respondent urges the Court to "decline to exercise its discretion to grant petitioner a stay pursuant to *Kelly*." *Id.* at 2-4.

On January 11, 2023, petitioner filed a "Notice of Motion to Amend Petitioner for Stay and

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

Abeyance; Pursuant to *Rhines*," which the Court construes as a motion to amend the petition to add new claims. Dkt. 23. Petitioner indicates that he is attempting to exhaust two new claims: an ineffective assistance of counsel ("IAC") claim and a claim relating to a violation of "due process/equal protection of law." *Id.* at 1-2. He requests that the Court grant his motion for stay and abeyance "until the issue[s] of Ineffective Assistance of Counsel . . . and [the] Due Process/Equal Protection of Law . . . [claims] [are] fully exhausted before the State of California." *Id.* at 2. The Court notes that it is unclear whether he has actually filed a state habeas petition in an effort to exhaust these two aforementioned claims. *Id.* at 4. Respondent has filed a non-opposition to the motion to *amend the motion for stay and abeyance*, but still opposes the stay of proceedings. Dkt. 24. Because the Court has only now construed petitioner's latest pending motion as a motion to amend the petition, respondent has not had an opportunity to file a response to such a motion.

Good cause appearing, the Court DENIES petitioner's "Notice of Motion to Amend Petitioner for Stay and Abeyance; Pursuant to *Rhines*" (dkt. 23), which has been construed as a request to amend the petition, without prejudice to refiling in order to allow petitioner an opportunity to clarify his request to amend the petition and to give respondent an opportunity to respond. Petitioner's motion for a stay and abeyance (dkt. 20) is DENIED without prejudice to refiling after petitioner files such clarifications with the Court, as directed below.

**II.   DISCUSSION**

In the present case, the Court notes petitioner's only claim in his petition—the exhausted insufficiency of evidence claim—has been briefed by respondent. Dkt. 16. It seems that petitioner, however, is attempting to raise two new claims—his IAC and due process claims, which petitioner concedes are both unexhausted.[2] Dkt. 23. Thus, the Court has construed his

---

[2] Petitioner had originally attempted to exhaust two *other* new claims based on recent statutory changes to state sentencing law. Dkt. 20. However, it seems that he now wishes to proceed only with the IAC and due process claims. Dkt. 23. More recently, petitioner has filed a "Motion Requesting Ruling on Stay and Abeyance," in which he again mentions the new claims based on recent statutory changes to state sentencing law. *See* Dkt. 27 at 2. While this latest filing seems to confuse matters further, the Court need not address this confusion as it will be directing petitioner to clarify his request if he chooses to refile his motion to amend the petition.

"Notice of Motion to Amend Petitioner for Stay and Abeyance; Pursuant to *Rhines*," as a motion to amend his petition to add these new claims.

Because respondent has already filed an answer, leave of court is required for petitioner to amend his petition with new claims. Fed. R. Civ. P. 15(a)(2). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). This includes an attempt to amend a petition with procedurally defective claims. *Murray v. Schriro*, 745 F.3d 984, 1015-1016 (9th Cir. 2014) (motion to amend petition with procedurally defaulted claims properly denied as futile). At this time, the requested amendment here seems to be futile because the Court cannot grant relief on unexhausted claims, and allowing the amendment would result in a *mixed* petition (with exhausted and unexhausted claims), which would need to be dismissed under *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

However, it seems that petitioner has made efforts to exhaust his claims in state court, though it is *unclear* which claims have been exhausted. In his more-recently filed "Notice of Motion to Amend Petitioner for Stay and Abeyance; Pursuant to *Rhines*," petitioner has attached a declaration in which he states that on "Nov. 22nd, 2022; petitioner did file a state habeas corpus with the SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA – Docket # HC150192-1." Dkt. 23 at 4. Petitioner adds as follows:

> Petitioner contends the filing of the state habeas corpus will allow the state to address the unexhausted claims [regarding the] violation of [his] Sixth (6th) [Amendment rights] [based on] Ineffective Assistance of Counsel and Fourteenth (14th) [Amendment rights] [based on] Due Process and Equal Protection [Claims] . . . .

*Id.* Furthermore, it is *unclear* if petitioner included these new claims in his November 22, 2022 state habeas petition, and whether such claims have since been exhausted as it has also been ten months since it was filed.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose*, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must

dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

As mentioned above, it seems that petitioner requests that he be permitted to amend his petition to add his IAC and due process/equal protection claims, and the Court construes his request as a motion to amend his petition to add such claims and return to state court to exhaust the unexhausted claims. Dkt. 23. Also before the Court is petitioner's pending motion for a stay and abeyance. Dkt. 20.

District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority. *Rhines*, 544 U.S. at 277-78. A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). However, a district court must deny a petitioner a stay if the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277. A petitioner may seek a stay of a petition pursuant to *Pace*, 544 U.S. at 416, under which he may file a protective petition in federal court and ask the court to stay federal habeas proceedings until all state remedies are exhausted.

Here, it appears that good cause exists for petitioner's failure to exhaust his claims on direct appeal, because his claims could be raised by way of state habeas corpus. This is petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. *See Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under section 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). While petitioner is unable to assert the basis for his additional claims of IAC and due process/equal protection violations, given his claim that he only "recently" had been provided "records and transcripts of [the] state matter, *see* dkt. 20 at 1, the Court finds that these claims are not "plainly meritless," *see Rhines*, 544 U.S. at 277. The phrase "plainly meritless" suggests that it applies to an issue which, on its face,

4

clearly cannot succeed. For instance, claims involving only questions of state law cannot be grounds for federal habeas relief. In contrast, IAC claims are potentially meritorious given their constitutional dimension.

At this time, however, it is still unclear if petitioner wishes to go forward with these new IAC and due process/equal protection claims as he has recently mentioner his *previously raised* new claims based on recent statutory changes to state sentencing law in a more-recently filing with the Court. *See* Dkt. 27 at 2. Accordingly, the Court DENIES the pending "Notice of Motion to Amend Petitioner for Stay and Abeyance; Pursuant to *Rhines*," which it has construed as a motion to amend the petition, without prejudice to refiling once certain clarifications are made by petitioner. Dkt. 23. No later than **October 13, 2023**, petitioner may refile his motion to amend the petition and he must clarify with the Court: (1) whether he wishes to add the new IAC and due process/equal protection claims or the new claims relating to recent statutory changes to state sentencing law; (2) which claims he has included in his state habeas petition; and (3) whether he has exhausted his state judicial remedies as to those claims. If petitioner refiles his motion to amend the petition, respondent shall be given the opportunity to file a response, as directed below.

Meanwhile, petitioner's motion for a stay and abeyance is DENIED without prejudice to refiling after the parties file such clarifications with the Court. Dkt. 20. Petitioner's "Motion Requesting Ruling on the Stay and Abeyance" is DENIED as moot as the Court has denied petitioner's motion for a stay and abeyance without prejudice to refiling. Dkt. 27.

### III. CONCLUSION

For the reasons stated above, the Court rules as follows:

1. The Court construes petitioner's "Notice of Motion to Amend Petitioner for Stay and Abeyance; Pursuant to *Rhines*" as a motion to amend the petition and DENIES such a motion without prejudice to refiling once certain clarifications are made by the parties. Dkt. 23. No later than **October 13, 2023**, petitioner may refile his motion to amend the petition and clarify with the Court: (1) whether he wishes to add the new IAC and due process/equal protection claims or the new claims relating to recent statutory changes to state sentencing law; and (2) which claims he has included in his state habeas petition. If petitioner refiles a motion to amend, respondent shall

file a response no later than **twenty-eight (28) days**. Petitioner may file a reply to the response no later than **fourteen (14) days**.

2. Petitioner's motion for a stay and abeyance is DENIED without prejudice to refiling after the parties have resolved any refiled motion to amend the petition and after petitioner has made the aforementioned clarifications with the Court. Dkt. 20.

3. Petitioner's "Motion Requesting Ruling on the Stay and Abeyance" is DENIED as moot as the Court has denied petitioner's motion for a stay and abeyance without prejudice to refiling. Dkt. 27.

4. If petitioner fails to refile a timely motion to amend the petition and/or motion to stay and abeyance in compliance with the instructions set forth herein, this action will proceed only on the basis of the cognizable claim from the present petition.

5. This Order terminates Docket Nos. 20, 23, and 27.

IT IS SO ORDERED.

Dated: September 11, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge